```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


WILLIAM D. KING, SR.                         CIVIL ACTION

VERSUS                                       NO. 06-7888

TRAVELERS PROPERTY CASUALTY,                 SECTION "R" (3)
MARTIN INSURANCE AGENCY, INC.,
and ABC INSURANCE COMPANY
```

### ORDER AND REASONS

Before the Court is defendant Martin Insurance Agency's motion for entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is DENIED.

### I.  BACKGROUND

On March 27, 2007, the Court granted defendant Martin Insurance Agency's motion to dismiss all of plaintiff's claims against it. (R. Doc. 32). No parties to this action have moved for reconsideration of the Court's Order. As stated in this Court's Order and Reasons dated February 22, 2007, the allegations against Martin arose from a dispute over plaintiff's insurance coverage in the aftermath of Hurricane Katrina.

Plaintiff also sued his homeowner's insurer, Standard Fire Insurance Company.[1] The Court found that plaintiff's claims against Martin were perempted under La. Rev. Stat. § 9:5606 because this lawsuit was filed more than three years after Martin's alleged misconduct in procuring plaintiff's insurance policy.

Pursuant to Rule 54(b), Martin now moves for entry of final judgment as to plaintiff's claims against it. The motion is unopposed.

## II. DISCUSSION

Rule 54(b) provides, in pertinent part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b).

The Fifth Circuit has noted that "[o]ne of the primary policies behind requiring a justification for Rule 54(b)

---

[1] Standard Fire is incorrectly named as Travelers Property Casualty in plaintiff's state court petition.

certification is to avoid piecemeal appeals." *PYCA Indus., Inc. v. Harrison County Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996). The Court explained that Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid injustice:

> A district court should grant certification [in a Rule 54(b) case] only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel.

*Id.* (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985)).

The threshold inquiry for this Court is whether "there is no just reason for delay," a determination which is within the sound discretion of the district court. *See Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992). In making this determination, the district court has a duty to weigh "'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'" *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511, 70 S.Ct. 322, 324 (1950)). A major factor the district court should consider is whether the appellate court "'would have to decide the same issues more than once even if there were

subsequent appeals.'"  *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988) (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465 (1980)).

After weighing the appropriate factors, the Court finds that certification is inappropriate in this case.  Martin fails to convince the Court that "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal."  *PYCA Indus., Inc.*, 81 F.3d at 1421.  Further, the litigation between plaintiff and Standard Fire Insurance Company remains unresolved, and could result in an appeal.  Consequently, the possibility that an entry of judgment will produce piecemeal review in this case outweighs the danger of denying justice by delay.

**IV.  CONCLUSION**

For the foregoing reasons, the Court DENIES the motion for entry of final judgment pursuant to Rule 54(b).

New Orleans, Louisiana, this 23rd day of May, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE